CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 1 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

DELANTE ROPER,                          )
                                        )
        Petitioner,                     )       Civil Action No. 5:12-cv-80414
                                        )       Criminal Action No. 5:08-cr-00039
                                        )
v.                                      )       MEMORANDUM OPINION
                                        )
UNITED STATES OF AMERICA,               )       By: Hon. Glen E. Conrad
                                        )       Chief United States District Judge
        Respondent.                     )


Delante Roper, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The defendant is serving a 360 month sentence for drug convictions, based, in part, on the court's finding that he qualified as a career offender. The government filed a motion to dismiss, and the case is ripe for adjudication. For the reasons granted below, the court will grant the government's motion to dismiss and deny Roper's motion to vacate.

I.      **Factual and Procedural Background**

On December 18, 2008, Roper was named in a fourteen count indictment returned by a Western District of Virginia Grand Jury, charging various drug and firearm offenses. This indictment was superseded by an indictment returned on February 5, 2009. Roper was named in four of the indictment's twenty-two counts. Specifically, Count One charged Roper with conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846; Count Four charged distribution of cocaine base on or about July 18, 2008, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); Count Eight charged distribution of cocaine base on or about August 22,

2008, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and Count Ten charged distribution with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

Roper was tried before a Harrisonburg jury from August 25 to August 26, 2009. Roper was convicted of Counts Four, Eight, and Ten. Roper was also convicted of the lesser included offense of conspiracy to distribute five grams or more of cocaine base under Count One. Following trial, Roper filed a motion to set aside the jury's verdict as to two of the counts, which was denied by the court. A presentence report ("PSR") was prepared and a sentencing hearing was held on November 12, 2009. The probation officer calculated Roper's sentencing guidelines range as 360 months to life imprisonment, premised on an offense level of 37 and a criminal history category of VI. The PSR started with a base offense level of 24, which was reduced by two points to 22 for his minor role in the offense. The offense level was then adjusted up to 37 based on Roper's classification as a career offender, resulting from two 1993 convictions for distribution of cocaine and possession with intent to distribute cocaine, as well as a 2003 conviction for possession with intent to distribute cocaine. The court sentenced Roper to the low end of the guidelines recommendation, a period of 360 months.

Roper appealed to the United States Court of Appeals for the Fourth Circuit, arguing, among other things, that he was improperly classified as a career offender. After the Fourth Circuit denied his appeal, Roper timely filed the present motion to vacate. Roper alleges that his trial and appellate counsel provided ineffective assistance in that counsel did not properly investigate the date of one of the predicate offenses serving as the basis for his status as a career offender; and that his sentence of 360 months was unreasonable under the Fifth Amendment because it was imposed specifically to promote rehabilitation.

## II.    Discussion

1.    **Standard of Review**

To state a claim for relief under § 2255, a defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) the "court was without jurisdiction to impose such a sentence"; or (3) the "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). On § 2255 review, the court is "entitled to presume [the defendant] stands fairly and finally convicted." United States v. Fray, 456 U.S. 152, 164 (1982). Thus, aside from a properly alleged constitutional or jurisdictional error, any other error of law or fact will not provide a basis for collateral review unless it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (internal quotation marks omitted).

2.    **Analysis**

   a.    **Ineffective Assistance of Counsel**

The Sixth Amendment to the Constitution secures to all criminal defendants "the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984). A prisoner attacking his conviction or sentence under Strickland must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Id. at 687. Courts are entitled to "indulge a strong presumption" that counsel performed reasonably, and will only adjudge counsel's performance deficient when "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. In the event that a finding of deficiency is justified, relief remains

unavailable "if the error had no effect on the judgment." Id. at 691. In other words, to show

prejudice, the petitioner must demonstrate a "reasonable probability" that, but for counsel's

errors, the outcome of the case would have been different. Jones v. Barnes, 463 U.S. 745, 754

(1983). If a defendant fails to satisfy the prejudice prong, the court need not consider the

performance prong. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

Roper's first two claims allege that his counsel at trial and on appeal was constitutionally

ineffective. Both these claims' sole allegation is that counsel did not properly investigate the

sentencing date of Roper's 1993 convictions for distribution of cocaine and possession with

intent to distribute cocaine, which served as a basis for Roper's classification as a career

offender. Pursuant to USSG § 4B1.1(a), a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant
> committed the instant offense of conviction; (2) the instant offense of conviction
> is a felony that is either a crime of violence or a controlled substance
> offense; and (3) the defendant has at least two prior felony convictions of either
> a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

The two prior convictions must carry sentences exceeding one year and one

month and must have been imposed "within fifteen years of the defendant's

commencement of the instant offense." USSG § 4A1.2(e)(1). Importantly, a court is also

to count "any prior sentence . . . that resulted in the defendant being incarcerated during

any part of such fifteen-year period." Id.; see also United States v. Hackley, 662 F.3d

671, 686 (4th Cir. 2011) ("[A]lthough ordinarily a prior conviction only counts toward a

defendant's criminal history if the sentence on the conviction was imposed within fifteen

years of the defendant's commencement of the instant offense, convictions imposed

earlier are also counted if . . . [the conviction] resulted in the defendant being incarcerated

4

during any part of such fifteen-year period.") (citation and internal quotation marks

omitted); United States v. Dewey, 599 F.3d 1010, 1015 (9th Cir. 2010) ("[E]ven though

the sentence was imposed . . . more than fifteen years before [the defendant's] present

drug offense, [the defendant] was *incarcerated* for that [prior] controlled substance

offense within fifteen years of committing the instant offense.") (emphasis in original).[1]

　　Roper argues that his counsel did not adequately investigate the date of his sentencing for

two 1993 drug convictions.[2] Roper appears to argue that the sentencing date for his prior

conviction should have been considered May 26, 1993,[3] instead of the actual sentencing date of

July 29, 1993. Roper's instant offense commenced no later than July 18, 2008, eleven days short

of the fifteen-year period. Roper's argument is that had the court considered May 26, 1993 as

the correct date of sentencing, this would have placed the convictions outside the fifteen-year

period by a little less than two months. Putting aside the question of why the prior date should

be considered correct, the application of the earlier date makes no difference to Roper's status as

a career offender because he remained incarcerated for the offenses until February 11, 1995.

Taking this as the relevant date for purposes of § 4A1.2(e)(1), the 1993 convictions clearly fall

within the fifteen-year period for career offender status. See USSG § 4A1.2(e)(1) (counting

prior sentences "that resulted in the defendant being incarcerated during any part of such fifteen-

year period").

　　The Hackley case presented the same issue with very similar dates. In Hackley, the

petitioner challenged the court's decision to include an October 1992 conviction within the

---

[1] This application of § 4A1.2(e)(1)'s clear language holds true even when the period of incarceration deemed within the fifteen-year period results from the revocation of parole or probation incident to a much earlier sentence. See United States v. Romary, 246 F.3d 339, 342 (4th Cir. 2001) (finding a 1992 post-revocation sentence attributable to a 1987 prior felony conviction for purposes of Career Offender status).

[2] Roper does not challenge the applicability for career offender status of his 2003 conviction for possession with intent to distribute cocaine, or his 2009 convictions that served as the basis for his challenged sentence.

[3] It is possible that Roper is referring to the date of his original guilty plea, not his sentencing date. At the 2009 sentencing hearing there was some confusion as to the exact date of Roper's 1993 guilty plea. See Sent. Tr. at 13.

fifteen-year period running back from the May 20, 2008 instant offense. Hackley, 662 F.3d at

686. The Fourth Circuit concluded that because the defendant was not released from custody for

the 1992 offense until February 11, 1995, the prior conviction was properly included within the

fifteen-year period. Id.

In Roper's direct appeal, the Fourth Circuit considered this issue and held that the period

of incarceration resulting from the 1993 offenses ended upon Roper's release from custody on

February 11, 1995, and thus was clearly within the fifteen-year period. United States v. Roper,

No. 09-5101, 2011 WL 573545, at *3 (4th Cir. Feb. 17, 2011) ("Roper was sentenced to

incarceration . . . on July 29, 1993 . . . . The present offense of conviction commenced no later

than July 18, 2008, approximately thirteen years and five months after Roper's release from

incarceration on his 1992-93 convictions. Accordingly, Roper's 1992-93 convictions were

properly counted and served as predicate convictions for his career offender designation.").

Roper was thus properly classified as a career offender, and any mistake on behalf of counsel not

to investigate and argue for an earlier sentencing date was not prejudicial to the outcome of his

case.

Moreover, there is no reason to think Roper's counsel's performance was deficient under

Strickland's first prong. Roper's counsel objected to the career offender classification both at

sentencing and on appeal. He requested that the court consider either the July 29, 1993

sentencing date—which, although within the fifteen-year period, makes it by a mere eleven

days—or the earlier, unknown date on which a guilty plea was entered for the 1993 convictions.

See Sent. Tr. at 11-13; Roper, 2011 WL 573545, at *3. Counsel argued that because the PSR

included a date of arrest and a sentencing date, but no actual date of conviction, this court had

insufficient information to conclude the prior convictions were within the fifteen-year period. In

objecting to Roper's classification as a career offender at the sentencing hearing, counsel argued that if the court used "the date . . . that there was a finding of guilt in the matter . . . there really is no evidence that that is within the fifteen-year time frame." Sent. Tr. at 11-12. Counsel made the same argument on appeal, stating "[b]ased upon the information the District Court had before it, no determination could be made as to the exact date of conviction as the Pre-Sentence Report did not list the date of conviction." Brief of Appellant at 27 Roper, 2011 WL 573545. Thus, counsel did in fact make the argument Roper claims he was deficient for not making.[4] In any event, as explained above, this court concluded, and the Fourth Circuit agreed, that the date of conviction is irrelevant when the defendant remained incarcerated for a period within the prior fifteen years.

### b.    Reasonableness of the sentence

Roper's final ground for relief is that his sentence was unreasonable under the Fifth Amendment as interpreted by Gall v. United States, 552 U.S. 38 (2007). Ordinarily, issues that were litigated and rejected on direct appeal cannot be relitigated in collateral proceedings absent a change in the law. United States v. Roane, 378 F. 3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam) (explaining that criminal defendants cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]"). The change in the law that Roper appears to refer to is the United States Supreme Court's decision in Tapia v. United States, 131 S.Ct. 2382

---

[4] At sentencing, the court made a point of noting counsel's fine work in identifying and articulating this argument. The court stated, "[Counsel] was very good and very thorough and very conscientious in catching this . . . issue that surrounds your criminal record for purposes of career offender status." Sent. Tr. at 30.

(2011), where the Court remanded a case for resentencing because the initial sentence had been imposed primarily to promote rehabilitation.[5]

18 U.S.C. § 3553(a) requires sentencing judges to consider specified factors, including:

"the need for the sentence imposed—

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

"(B) to afford adequate deterrence to criminal conduct;

"(C) to protect the public from further crimes of the defendant; and

"(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner."

These four factors—retribution, deterrence, incapacitation, and rehabilitation—serve as "the four purposes of sentencing generally," Tapia, 131 S.Ct. at 2387, and courts are to "fashion a sentence to achieve the[se] purposes . . . to the extent that they are applicable in a given case." Id. (quoting 18 U.S.C. 3551(a)) (internal quotation marks omitted). The fourth of these considerations—rehabilitation—is somewhat at odds with language found in § 3582(a), which provides that a court should consider all four sentencing factors "recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."

The Supreme Court resolved the tension between § 3553(a) and § 3582(a) in Tapia, in which a defendant's sentence had been lengthened to allow her to complete a drug rehabilitation program. The Court held that § 3582(a) controlled § 3553, and that "3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." Id. at 2391. Following Tapia, a court may not impose or lengthen a sentence specifically for the purpose of promoting rehabilitation. Id. The Supreme Court did not say,

---

[5] To the extent that Roper relies on Gall as an independent ground for relief, his claim is barred because the Fourth Circuit addressed and rejected his argument that his sentence was unreasonable under the factors set forth in Gall. See Roper, 2011 WL 573545 at *4-5.

however, that courts cannot consider the rehabilitation opportunities available to prisoners as they are about to begin their sentences. Id. at 2392. On the contrary, the Court explicitly confirmed that it is appropriate for sentencing courts to do just that. Id. ("[T]he sentencing court here did nothing wrong—and probably something very right—in trying to get Tapia into an effective drug treatment program.").

In Roper's case, the sentencing court did allude to the sentence as a means of promoting Roper's rehabilitation, but not in such a way to as implicate Tapia's prohibition on sentences imposed or lengthened specifically for that purpose. At sentencing the court addressed a variety of reasons for imposing the sentence:

> In terms of the criteria the Court believes it must consider in determining an appropriate sentence, I think that your career offender status is certainly consistent with your record and the Court believes that it's a serious record and merits a sentence of some length. So in terms of the . . . 3553(a) criteria, the seriousness of the offense is covered by the sentence imposed by the Court today.
>
> The Court believes it's also a sentence that deters others. It promotes respect for the law. As I've indicated, it's consistent with the sentences received by other people in like situations and I think it's a sentence that serves to protect society and promote rehabilitation.
>
> You've shown, Mr. Roper, sadly, that you're not able to live by society's rules. You've sold drugs time and time and time again. At some point, that has to come to an end. The law has to be promoted and you have to be held accountable for your actions.

Sent. Tr. at 32-33.

Such wholistic consideration of the sentencing factors—required by § 3553(a)—is dissimilar from the kind of statements made by the district court in Tapia, which had suggested that it "calculated the length of [the] sentence to ensure that [the defendant] receive certain rehabilitative services." Tapia, 131 S.Ct. at 2393. There, the district court stated that the "number one" thing in determining the sentence was "the need to provide treatment. In other

9

words, so she is in long enough to get the 500 hour drug program." Id. Here, the court relied on each of the § 3553(a) factors in arriving at a sentence at the low-end of the guidelines range.

The Fourth Circuit, along with numerous other courts, have interpreted Tapia to allow consideration of each of the four § 3553(a) factors—including rehabilitation—in arriving at an appropriate sentence. See, e.g., United States v. Martin. No. 09-5047, 2011 WL 3849889, *5, (4th Cir. Sept. 1, 2011) (upholding a sentence based on the defendant's rehabilitative needs *and* his extensive criminal history where "[t]he extensiveness of [the defendant's] criminal record alone would have been sufficient to support the sentence imposed by the court, and there are no statements in the record suggesting that the court would have imposed a lesser sentence had it not considered" the rehabilitative needs); United States v. Tolbert, 668 F.3d 798, 803 (6th Cir. 2012) (finding that the district court did not violate Tapia by imposing a within-guidelines sentence that promoted rehabilitation but was "primarily due to the seriousness of the crime, the need for deterrence, and the need to protect the public"); United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012) (upholding a sentence where there was no evidence that the court would have imposed a shorter sentence but for the consideration of rehabilitative care); United States v. Cardenas-Mireles, No. 11-2138, 2011 WL 6394280, *3, (10th Cir. Dec. 21, 2011) (upholding a sentence that considered the mental health needs of the defendant as only one among many factors used in determining the sentence). Therefore, under Tapia, Roper's sentence was not improperly imposed or lengthened to "promote rehabilitation," and his sentence is not unreasonable under the Fifth Amendment.

## III.  Conclusion

For the reasons stated, Roper's arguments fail to demonstrate any constitutional error. Accordingly, the court will grant the government's motion to dismiss and will deny Roper's

motion to vacate. Additionally, because Roper has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Roper and to all counsel of record.

ENTER:        This ____ day of September, 2012.

_____
Chief United States District Judge